M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of assumpsit, brought by the Bank against Tesson, on a promissory note, by him made, payable sixty days after date. The first plea is non-assumpsit. Second plea, that the defendant held their notes to that amount; demurred to, and the demurrer sustained. Third plea, payment. Issues were taken on the first and third pleas, and found for defendant. Judgment, in the Court below, for defendant.
The plaintiffs bring their writ of error. It appears, by the record, that after the plaintiffs had given in evidence their said note, the defendant gave in evidence a deed of mortgage of certain premises to the plaintiffs, and by that mortgage acknowledged that he owed the Bank $3,000, the sum in the said note mentioned, to secure which, the mortgage was given ; and that they then had his note for that amount, which might be renewed every sixty days, if the directors thought proper to do so. Tesson then, in the condition of the mortgage, expressly covenants to pay said sum of money. It also appears, that the note sued on was renewed in pursuance of the understanding in said covenant. The defendant’s counsel then moved the Court to instruct the jury that the covenant in said deed extinguished the said note, and effected a *441 merger. The Court so instructed the jury, which instruction is complained of for error; and, secondly, the Court refused to grant a new trial.As to this last point, there is no error.
As to the first point, did the Court err in the instruction given ? We think not. It is well established law, that where there exists a debt by simple contract, the taking a covenant, a bond, or higher security, extinguishes the simple contract debt. So here, the debt of $3,000 existed when this covenant was made, and it thereby became extinguished. And it is also law, that where a debt or duty exists by covenant, that the taking a less security, gives no cause of action on the new security, unless, indeed, it amounts to a payment, or effects a satisfaction of the previous debt. Here the new note is not pretended to be a payment or satisfaction of the covenant debt, but to be an additional security.
There is no error in the instruction given by the Circuit Court. The judgment is affirmed, with costs.